# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 CV 3933 | **DATE** | March 17, 2011 |
| **CASE TITLE** | *Lakeview Collection, LLC v. Bank of America, NA* | | |

**DOCKET ENTRY TEXT**

The defendant's motion to dismiss counts II and III of the amended complaint [64-1] is denied. The defendant shall file its response to the complaint by April 19, 2011. The parties shall report for a status hearing on June 16, 2011.

■ [ For further details see text below.]     Docketing to mail notices.

00:00

## STATEMENT

Plaintiff Lakeview Collection originally filed a single count complaint against defendant Bank of America seeking a declaratory judgment that the parties' Existing Space Lease had not terminated and that Bank of America remained liable to pay rent. Bank of America moved to dismiss the complaint, arguing that it had not breached the lease because the lease was either void or terminable-at-will. In support, it argued that the lease was either void or terminable-at-will because it lacked a definite termination date, citing in support *Say v. Smith*, an English case from 1530 that held that a lease must include a definite termination date.

However, Illinois courts applying Illinois law have not followed *Say v. Smith*, and one case explicitly noted that the nearly 500-year-old case is outmoded because "society has become infinitely more complex since the day of *Say v. Smith*." *Ill. Central Railroad Co. v. Mich. Central Railroad Co.*, 152 N.E.2d 627, 638 (Ill. App. Ct. 1958). Under current Illinois law, a lease is not void or terminable-at-will merely because it lacks a definite termination date but, rather, as with ordinary contracts, a lease that terminates upon the occurrence of an event is terminable upon the occurrence of the event, not at-will. *See id.*; *Ricke v. Ricke*, 405 N.E.2d 351, 356 (Ill. App. Ct. 1980) (a lease that terminates upon the occurrence of some collateral event is not terminable-at-will, even if it lacks a definite termination date); *see also Jespersen v. Minn. Mining & Manufacturing Co.*, 700 N.E.2d 1014, 1016 ("An agreement without a fixed duration but which provides that it is terminable *only* for cause or upon the occurrence of a specific event is in one sense of indefinite duration, but is nonetheless terminable only upon the occurrence of the specified event and not at will.").

The court denied the motion to dismiss because two other events—(1) condemnation, or (2) notice by Lakeview to Bank of America of an event of default—could also trigger termination and, therefore, the lease terminated upon the occurrence of those events, not at-will. Lakeview then amended its complaint to add two new counts. In Count II, which is pleaded in the alternative to Count I, Lakeview alleges that the Existing Space Lease terminated, that the parties are now bound by the Temporary Space Lease, and that Bank of America has breached the Temporary Space Lease by failing to pay rent and is liable for damages. In Count III, Lakeview alleges that Bank of America's failure to pay rent due under the Existing Space Lease caused it

to default on its mortgage, resulting in unspecified damages.

Now before the court is Bank of America's motion to dismiss Counts II and III. Bank of America argues that it is entitled to dismissal of Count II because, if successful, Lakeview would be able to recover only unpaid rent, not the money damages that it seeks. As for Count III, Bank of America contends that it is entitled to dismissal because foreclosure was not a foreseeable consequence of its alleged failure to pay rent due under the Existing Space Lease.

**ANALYSIS**

A complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, a complaint must contain "enough facts to state a claim to relief that is plausible on its face" and also must state sufficient facts to raise a plaintiff's right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 547 (2007). In *Iqbal,* the Supreme Court stated that a claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009).

The court is neither bound by the plaintiff's legal characterization of the facts, nor required to ignore facts set forth in the complaint that undermine the plaintiff's claims. *Scott v. O'Grady,* 975 F. 2d 366, 368 (7th Cir. 1992). However, "in examining the facts and matching them up with the stated legal claims, we give 'the plaintiff the benefit of imagination, so long as the hypotheses are consistent with the complaint.'" *Bissessur v. Ind. Univ. Board of Trustees,* 581 F.3d 599, 603 (7th Cir. 2009).

**I.     Damages under Temporary Space Lease  (Count II)**

Bank of America contends that it is entitled to the dismissal of Count II because Lakeview seeks a relief to which it is not entitled. Specifically, it contends that if Lakeview is correct that the Temporary Space Lease has not terminated, then Lakeview can recover only unpaid rent, as distinguished from the money damages it seeks in its prayer for relief. However, even if Lakeview is seeking relief to which it is not entitled, dismissal of its claim would not be justified. *See Gardunio v. Town of Cicero*, 674 F. Supp. 2d 976, 992 (N.D. Ill. 2009) ("even if . . . [the plaintiff] is seeking relief to which he's not entitled, this would not justify dismissal of the suit") (internal quotation marks and citations omitted).

Nevertheless, Bank of America contends that dismissal of Lakeview's claim is appropriate because it not only requested the wrong relief, but also failed to request any relief to which it might be entitled. However, a prayer for relief "is not itself a part of the plaintiff's claim, [and therefore] failure to specify relief to which the plaintiff was entitled would not warrant dismissal under Rule 12(b)(6)." *Bontkowski v. Smith*, 305 F.3d 757, 762 (7th Cir. 2002).

Accordingly, Bank of America has not established that it is entitled to dismissal of Count II, and its motion to dismiss that count is denied.

**II.    Damages from Foreclosure  (Count III)**

Next, Bank of America seeks to dismiss Lakeview's claim for damages caused by Bank of America's alleged failure to pay rent under the Existing Space Lease Agreement, which Lakeview contends forced it into

| STATEMENT |
|---|

foreclosure. Bank of America contends that Lakeview cannot recover damages caused by the foreclosure because foreclosure was not reasonably foreseeable at the time the parties entered into the Existing Space Lease Agreement. However, Lakeview has alleged that when negotiating the Existing Space Lease Agreement, Bank of America knew that "the rent the Bank was to pay Lakeview pursuant to the Existing Space Lease Agreement would encompass carry[ing] costs of Lakeview during the period needed to complete the process necessary to begin construction." Amended Compl. [62-1] ¶ 100. Lakeview's allegation plausibly suggests the reasonable foreseeability of foreclosure if Bank of America stopped paying rent, leaving Lakeview unable to cover its carrying costs.

Accordingly, the motion to dismiss Count III is denied.

## CONCLUSION

For the reasons stated, the motion to dismiss Counts II and III is denied.

rs/cpb